-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESUS H. GARCIA, 09-A-5409,

      Plaintiff,

  -v-                                  13-CV-0965S
                                        **ORDER**
MYEARS, State Officer DOCS,
SENDORSKY, State Officer DOCS,

      Defendants.



---

    Plaintiff Jesus Garcia, also know as Juan Garcia, an inmate at Southport Correctional Facility, has submitted a complaint under 42 U.S.C. § 1983 and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

    On April 26, 1996, the United States Congress passed a law entitled the Prison Litigation Reform Act ("PLRA") which amended, among other things, the provisions of the United States Code which relate to the filing of civil actions or appeals *in forma pauperis*, 28 U.S.C. § 1915. The PLRA amended § 1915 in part to require a court to dismiss a case under 28 U.S.C. § 1915(e)(2) "if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). In addition, Congress added a new section to the statute:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section  if the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when an inmate has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.

As the Northern District of New York noted in a prior case filed by plaintiff in that District but transferred to this District, Garcia v. Wheaton, 13-CV-0608M, Dkt. Nos. 9, filed June 10, 2013 (N.D.N.Y.), Order Transferring Case, and 11, filed July 1, 2013 (W.D.N.Y.), Order Denying *In Forma Pauperis Application*, plaintiff is a prolific prisoner *pro se* litigant, who has filed at least 18 other actions in the district courts within the Second Circuit, and has previously been found to have garnered three strikes for purposes of § 1915(g): Garcia v McCarthy, No. 9:12-CV-1626 (NAM/DEP) (N.D.N.Y.), Docket No. 9, filed October 31, 2012; Garcia v. Dep't of New York Working in Pinct [sic] North Blvd. Queens County NY, No. 10-CV-4681 (S.D.N.Y.), Docket No. 4, filed June 9, 2010). *See* Garcia v. Wheaton, 13-CV-0608M, Dkt. No. 11, at 2. Accordingly, pursuant to the mandate of 28 U.S.C. § 1915(g), plaintiff's motion for *in forma pauperis* status must be denied unless plaintiff has asserted a claim

that he is under imminent danger of serious physical injury. Plaintiff's complaint, while difficult to understand based on plaintiff's obvious difficulty with the English language, has made no such allegations of imminent danger of serious physical injury here.

Plaintiff alleged that he was assaulted in his cell on April 4, 2013 by the defendant correctional officers and suffered serious injuries including four loose or lost teeth. After seeking dental treatment for his teeth, it appears that sometime in June 2013 he did obtain dental treatment. He appears to claim that he was put under anesthesia and three or four of his teeth were removed. He was prescribed penicillin and motrin for 30 days and told that he needed false teeth. Because there are no allegations that plaintiff was in imminent danger of serious injury when he filed the complaint, his application to proceed *in forma pauperis* must be denied. *See Polanco v. Hopkins*, 2007 WL 914023, at *3-5 (W.D.N.Y. March 23, 2007) ("plaintiff had not alleged facts plausibly suggesting that he was in imminent danger of serious physical injury at the time be 'brought' the action . . . ."), aff'd 510 F.3d 152 (2d Cir. 2007); *see also* Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("imminent danger of serious physical injury" must exist at the time the complaint is filed.) The imminent danger "safety valve" was intended "to prevent impending harms, not those harms that had already occurred." Id. (internal quotation and citation omitted).

Therefore, the complaint must be dismissed unless plaintiff pays the full filing fee of $350.00 plus a $50.00 adminsitrative fee.00 and an administrative fee of $50.00[1] by **April 17, 2014**.

### CONCLUSION AND ORDER

Plaintiff may be able to meet the statutory requirements of 28 U.S.C. § 1915(a). However, because plaintiff has had three or more "strikes" for purposes of 28 U.S.C. § 1915(g) and because plaintiff has made no allegation here that he is in imminent danger of serious physical injury, the request to proceed *in forma pauperis* (Docket No. 2) is hereby denied. **Plaintiff has until April 17, 2014 to pay the filing fee of $350.00 plus a $50.00 administrative fee or the action will be dismissed pursuant to 28 U.S.C. § 1915(g).**

Plaintiff's motion for the appointment of counsel (Docket No. 4) is denied at this time as premature. If plaintiff pays the filing and administrative fees, he may re-file, if appropriate, his motion for appointment of counsel.[2]

**SO ORDERED.**

S/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   February 26, 2014
         Rochester, New York

---

[1] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

[2] See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).