PS O

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESUS H. GARCIA a/k/a JUAN H. GARCIA,

        Plaintiff,

        -v-

MYEARS, State Officer DOCS, et al.,

        Defendants.
_____

**DECISION and ORDER**
13-CV-0965S

## PROCEDURAL BACKGROUND

On February 26, 2014, plaintiff's *pro se* motion to proceed *in forma pauperis* was denied pursuant to the "three strikes rule," *see* 28 U.S.C. § 1915(g), and he was directed to pay the filing fee ($350.00) and administrative fee ($50.00) by April 17, 2014. He was advised if he did not pay the fees by that date, this action would be dismissed without prejudice. (Docket No. 7, Order.) As a result of a number of mail delivery failures at plaintiff's then correctional facility, it appeared that plaintiff did not receive the initial Order denying his motion to proceed *in forma pauperis* and two subsequent Orders (Docket Nos. 10 and 13), which re-forwarded the initial Order and extended plaintiff's time to pay the filing fee. It appeared that the reason for the delivery failures was the fact that plaintiff identified himself in this action as "Jesus H. Garcia" but according to the New York State Department of Corrections and Community Supervision's website plaintiff's name was "Juan H. Garcia." The Court thereafter began listing his name on the docket sheet as "Jesus H. Garcia a/k/a Juan H. Garcia" and forwarding mail to him in that manner. This has appeared to solve the mail issues.

On December 8, 2014, plaintiff was granted an extension of time to pay the filing fee because he claimed that he was going to receive proceeds from a settlement in another action by November 2014 and, at that time, he would be able to pay the filing fee. Plaintiff was advised that if he did not pay the filing and administrative fees by January 15, 2015, the action would be dismissed without prejudice. (Docket No. 16, Decision and Order.) Plaintiff did not pay the filing fee nor seek an extension of time and Judgment was entered on January 29, 2015, dismissing this action without prejudice. (Docket No. 17.)

On February 18, 2015, plaintiff filed a notice of appeal, a motion for an extension of time to file a notice of appeal and a motion for the appointment of counsel (Docket Nos. 18-20.) The motion for an extension of time to file a notice of appeal was denied as moot because the notice of appeal from the Judgment was filed timely and the motion for appointment of counsel was denied without prejudice to re-filing in the Court of Appeals. (Docket No. 21, Text Order.)

Plaintiff has now filed another motion for appointment of counsel claiming that he does "not have experience in law civil case . . . " (Docket No. 22.) The motion also notes that he has received the settlement proceeds and that the money is available in his inmate account.[1]  The Court does not know whether plaintiff does not understand that his case is closed and is on appeal to the Second Circuit Court of Appeals or whether he is seeking to re-open this action and pay the filing and administrative fees. Because plaintiff is *pro se*, the Court is obligated to construe his motion liberally "'to raise the strongest argument[] [it] could suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos*

---

[1] The motion also re-alleges the physical assault that was the gravamen of the complaint.

*v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).  The Court, therefore, construes the motion as one for the appointment of counsel, and one for relief from judgment and to re-open this action, pursuant to Fed.R.Civ.P. 60(b), in order to provide plaintiff with another opportunity to pay the filing fee.  For the following reasons, the motions are denied.

## DISCUSSION

1. Motion for Relief from Judgment and to Re-Open

Rule 4(a)(4) of the Federal Rules of Appellate Procedure governs the interplay between post-judgment motions in the trial court and the transfer of jurisdiction to the Court of Appeals upon the timely filing of a notice of appeal.  The filing of the notice of appeal divests the District Court of jurisdiction to entertain a post-judgment motion pursuant to Fed.R.Civ.P. 60 unless the motion is brought within 28-days of the entry of judgment.  *See* Fed. R. App.P. 4(a)(4)(A)(vi).  In *Toliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992), the Second Circuit emphasized that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Toliver*, 957 F.2d at 49 (citing *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)).  Nevertheless, *Toliver* also determined that a district court may entertain and *deny* a Rule 60(b) motion despite the court's lack of jurisdiction.  *Toliver, id.*  The more complicated question arises where the district court would be inclined to grant the motion for reconsideration.  In that case, under *Toliver*, the party seeking post-judgment relief in district court must first obtain permission from the Court of Appeals.  But it is only "if [the district court] decides in favor of [the motion], [that] the necessary remand by the court of appeals [is] to be sought.: *Toliver*, *id*.  Thus, in order for a district court to grant a Rule

60(b) motion which was not timely filed within 28 days of entry of Judgment, *see* Fed.R.App.P. 4(a)(4), it must first determine whether or not it will grant the motion, and then, if it finds that it would, require the moving party to obtain the necessary remand from the Court of Appeals.  *See, e.g.*, *U.S. v. International Broth. of Teamsters*, 179 F.R.D. 444 (S.D.N.Y. 1998).

Rule 60(b) (6) of the Federal Rules of Civil Procedure permits a district court to "relieve a party . . . from a final judgment, order, or proceeding for ... any [ ] reason that justifies relief."[2]  In addressing a motion under Rule 60(b)(6), courts are to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986).  A motion under this Rule "is addressed to the sound discretion of the district court," *id.*, but it is considered "extraordinary judicial relief" that may be "invoked only upon a showing of exceptional circumstances."  *Id.*; *accord Pioneer Inv. Servs, Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6) [of Rule 60(b) ], a party must show 'extraordinary circumstances' ....").

As noted, plaintiff appears to wish to pay the filing and administrative fees for this action so that it can proceed.  Plaintiff, however, was provided previously a lengthy extension of time to pay the fees but failed to submit the fees. On August 1, 2014, plaintiff moved for an extension of time to pay the fees based on his claim that he was awaiting receipt of proceeds from a settlement in another action and that he would be able to submit the filing fees by November 2014.  On December 8, 2014, plaintiff was granted the

---

[2]None of the other sub-paragraphs of Rule 60(b) would apply herein.

extension he sought up to and including January 15, 2015--two months beyond what he had sought initially. (Docket No. 16, Decision and Order.) Plaintiff nonetheless failed to submit the fee as directed and the case was dismissed without prejudice. Plaintiff did not seek an additional extension of time. He then filed a notice of appeal and the other motions addressed above, including the instant ones.

Plaintiff has not provided a basis for this Court to vacate its Judgment and re-open this action to provide him with another opportunity to pay the fees. Whether there may have been a delay in receipt of the settlement proceeds and whether the delay was outside of plaintiff's control is not known and is not addressed in plaintiff's motion. Plaintiff did not seek an additional extension of time to submit the filing fees, which one would reasonably expect if there was a delay in receipt of the settlement monies. Plaintiff has not shown "exceptional circumstances" to grant him relief from Judgment nor does he provide any reason for the Court to expect reasonably that if the Judgment was vacated and this action re-opened--once the Court of Appeals remands the action pursuant to the *Toliver* framework–he would submit the requisite filing fees. The Court also notes that if plaintiff wishes to pursue this action, he can file a new complaint with the requisite filing and administrative fees ($400.00) inasmuch the complaint was dismissed without prejudice and the applicable statute of limitations for his alleged assault and use of excessive force claim under 42 U.S.C. § 1983 has not expired.[3] *See Owens v. Okure*, 488 U.S. 235, 251(1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990).

---

[3]The complaint and instant motion both allege that plaintiff was physically assaulted on April 4, 2013.

Accordingly, plaintiff's motion for relief from judgment and to re-open this action is denied, and his motion for appointment of counsel (Docket No. 22) is denied without prejudice as moot.

SO ORDERED

Dated:   March 8, 2015
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
